UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIMBARASHE GWISAI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:25-CV-502 HEA |
| ) | |
| JEREMIAH PETER, *display name:* ) | |
| *Common Sense With Sall*, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Simbarashe Gwisai's *Ex Parte* Motion for Temporary Injunction. (ECF No. 2). Plaintiff Gwisai is proceeding in this matter *pro se* without the assistance of counsel. For the reasons that follow, Plaintiff's *Ex Parte* Motion for Temporary Injunction will be denied.

*Background*

On April 14, 2025, Plaintiff filed a two-page Complaint against Defendant Jeremiah Peter (display name: Common Sense With Sall) (hereinafter "Defendant Peter") under the United States Copyright Act, 17 U.S.C. § 101, *et seq.* The Complaint alleges that Plaintiff is the original creator and copyright owner of edited and narrated video content published on the Court Watchers and Court Archives channels on YouTube. Plaintiff avers that although the source material for his videos is "public court footage," he has created "a transformative derivative work by

selecting, editing, arranging, and providing original commentary and stylistic elements that reflect unique create expression." (ECF No. 1 at 1, ¶ 6). Plaintiff alleges Defendant Peter "uploaded a video" that contained long, unaltered segments taken directly from Plaintiff's edited work without permission or license. Plaintiff does not allege when this occurred. According to Plaintiff, YouTube removed the allegedly infringing video, "but unless court action is shown within 10 business days, the video may be reinstated." (*Id.* at ¶ 10).

Plaintiff seeks an order from the Court declaring Defendant Peter's actions as copyright infringement. He also seeks a temporary and permanent injunction prohibiting further use or distribution of the infringing content, as well as an award of statutory and actual damages.

## *Discussion*

Plaintiff filed an *Ex Parte* Motion for Temporary Restraining Order. In other words, he is asking that the Court enter a temporary injunction against Defendant Peter without giving notice to him. The Federal Rules of Civil Procedure do provide for the entry of a temporary restraining order without notice to the opposing side if certain procedures are followed and factual circumstances are met. Rule 65(b)(1) provides as follow:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorneys only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and
>
> (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Plaintiff fails to meet a number of the requirements for the entry of an *ex parte* temporary restraining order. First, not only is Plaintiff's Complaint not verified, but it is also not signed. On this ground alone, the motion will be denied. Second, there is no evidence in the record that Plaintiff has attempted to give Defendant Peter notice, and he has not explained why notice should not be required. Without such certification, the Court will not enter an *ex parte* temporary injunction.

Finally, there is nothing in the record that shows Plaintiff will suffer irreparable harm if a temporary injunction is not entered. An injunction is an extraordinary remedy that is never awarded as of right. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 27 (2008). In determining whether to grant a temporary restraining order or a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th

3

Cir. 2015); *see also Dataphase Systems, Inc. v. C L Systems, Inc.,* 640 F.2d 109, 113 (8th Cir. 1981). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction." *West Pub. Co. v. Mead Data Cent., Inc.,* 799 F.2d 1219, 1222 (8th Cir. 1986).

Plaintiff has not demonstrated that the four *Dataphase* factors weigh in favor of the entry of a temporary restraining order. Importantly, Plaintiff has not adequately shown irreparable harm. *Phyllis Schlafly Revocable Tr. v. Cori*, 924 F.3d 1004, 1009 (8th Cir. 2019) ("[f]ailure to demonstrate irreparable harm is a sufficient ground to deny a[n ] injunction.") (quoted case omitted). Merely stating that he will suffer irreparable harm is not enough. Plaintiff must show or explain what the harm to him will be and why an award of damages would not suffice. *Gen. Motors Corp. v. Harry Brown's*, LLC, 563 F.3d 312, 319 (8th Cir. 2009) ("[i]rreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages.").

For all of these reasons, the Court will not hold an *ex parte* injunction hearing, and Plaintiff's *Ex Parte* Motion for Temporary Injunction will be denied. Further, Plaintiff will be required to physically sign his Complaint and resubmit it for filing.[1]

---

[1]Under Federal Rule of Civil Procedure 11, "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Further, Local Rule 2.11 recognizes a "person's name on a signature block" as a signature only if

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff Simbarashe Gwisai's *Ex Parte* Motion for Temporary Injunction is **DENIED.** [ECF No. 2]

**IT IS FURTHER ORDERED** that no later than **Monday, April 28, 2025**, Plaintiff Simbarashe Gwisai shall submit a signed version of his Complaint for filing that is consistent with the terms of this Opinion, Memorandum, and Order. Failure to do so will result in the Court striking Plaintiff's Complaint and will result in dismissal of this action.

**IT IS FURTHER ORDERED** that in the future, all documents submitted by Plaintiff shall be signed or the documents will be returned to Plaintiff without filing.

Dated this 16th day of April, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

that person made "[a]n authorized filing . . . through [that] person's electronic filing account." E.D.Mo. L.R. 2.11. Plaintiff is not an attorney, and he is not authorized to file electronically through the Court's electronic case filing system. Therefore, all documents he files with the Court must be physically signed. *Id.* Links to this Court's Local Rules and the Federal Rules of Civil Procedure are available on the Court's Internet website, http://www.moed.uscourts.gov.